## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

RAYMOND JAMES FINANCIAL SERVICES INC.,

                    Plaintiff,

v.

ADA SERENA CORDOVA ARMIJOS, ET AL.,

                    Defendants.

_____/

### VERIFIED COMPLAINT FOR
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff, Raymond James Financial Services, Inc. ("RJFS"), by through undersigned counsel, files this Verified Complaint seeking declaratory judgment and preliminary and permanent injunctive relief to enjoin Defendants from arbitrating their purported claims against RJFS before the Financial Industry Regulatory Authority ("FINRA") dispute resolution forum. RJFS is entitled to relief because:  (1) it has a high likelihood of success on the merits because Defendants are not – and never were – customers of RJFS, the dispute does not arise from business activities of RJFS, and no arbitration agreement between them exists; (2) RJFS would suffer immediate and irreparable harm if it were forced to participate in the Arbitration; and (3) the equities and public policy considerations weigh heavily in favor of an injunction because parties should not be compelled to arbitrate without prior consent. Further, the relief sought by RJFS is seeking is not intended otherwise to disturb the Arbitration or the Parties' schedule toward a final hearing and resolution.

1

The Defendants are Ada Serena Cordova Armijos; Alvaro Campuzano Arteta; America Alicia Troya de Kennedy; Ana Catalina Aylwin Equiguren; Ana C. Yans Constante; Ana del Carmen Narvaez Chacon; Ana Luz Bueno Pallares; Ana Luz Pallares Meneses; Ana Maria Troncoso Garrido; Ana Patricia Villamar Espin; Angel A. Basantes C.; Angel Eduardo Cordova Cevallas; Antonio Arregui Yarza; Cargi Business Corp.; Carlos Ivan C. Recalde; Carlos Jamil Helou Pinto; Carlos Salomon Helou Cevallos; Cecilia Y. Marcial; Conferencia Episcopal Ecuatoriana; Consejo Gubernativo de Bienes Diocesanos Tulcan; Construction Management Solution, Inc.; Diego Fernandez Vasquez Davalos; Diego Javier Calisto Areta; Diego Xavier Calisto Albornoz; Dominique Kennedy; Douglas Ray Good; Edgar Fabian Oretga Carrion; Edison Garcia Gualpa; Eduardo Anibal Benitez; Eduardo Enrique Ledesma Mariscal; Edward Jonathan Kennedy; Edwin Alberto Torres Mino; Elena del Carmen Perez Espinoza; Elsa Magdalena Calvache Ulloa; Elsa Magdalena Lalama Crespo; Elva Dalia Cervantes; Erika Elizabeth Calderon Medina; Erika Johana Coba Vinelli; Eugenio Arellano Fernandez; Eulalia de las Mercedes Calderon Chiriboga; Fabian Enrique Montalvo Canelos; Fabian Yar; Francisco Correa Holguin; Fabiola Jakeline Cardena Huertas; Fernando Bueno Martinz; Fernando Ivan Lucero; Founderz Group Limited; Francisco Roh Lopez; Francisco Xavier Paez Puga; Gabriella Bobadilla; Germanico Javier Davila Proano; Giorgio Peroni Marchina; Gilmer Rodirgo Lopez Viteri; Gladys Rosario Calvache Ulloa; Gladys Margarita Ochoa Egas; Gonzalo David Carrera Segovia; Gonzalo Vivanco; Guadalupe Bernardina Ayala; Guillermo Anibal Rodriguez Miranda; Hector Hugo Darquea Moncaya; Hernan Antonio Jaramillo Arias; Hernan Patricio Calderon Segovia; Hernan Gonzalo Cevallos Silva; Hue Linh Tran Tang; Hugo Hernan Bonilla Moyano; Hugo Particio Vergara Araque; Ines Fabiola Vela Barragan; Ines Ximena Villamar Espin; Irma Ileana Rubio

Garcia; Jaime Antonio Toledo Romoleroux; James Manuel Esparza Cisneros; James Wong Tran; Jose Adrian Cordova; Jose Antonio Pallares; Jose Luis Cordova; Jose Roberto Ludena Granja; Jose Victorian Naranjo; Juan Oswaldo Vinelli Aguirre; Karen Elizabeth Sandoval; Karen Wong Tran; Kingvi Group, S.A.; Laura Haydee Luna Gaibor; Linda Andrade Zambrano; Lucia Alexandra Vallejo Tajada; Luis Antonio Cordova Cevallos; Luis Eduardo Castillo Vallejo; Luz Elvira Pazmino; Magson Portfolio Corp.; Manual Ignacio del Solar; Marcia Cecilia Espin Tello; Maria Cristina Vasquez; Maria Daniela del Solar; Maria Daniela Vasquez Perez; Maria Fernanda Bueno Pallares; Maria Bariela Andrade Jarrin; Maria Gabriela Darquea; Maria Gabriela Hernandez Lalama; Maria Gabriela Pallares; Maria Isabel Almeida Garcia; Maria Kennedy; Maria Margarita Arcos Darquea; Maria Teresa Armijos Torres; Martha Eugenia Lopez Yanez; Miguel Angel Reyes Fierro; Monica Catalina Almeida Gracia; Monica del Carmen Duran Vaca; Monica Iveth Luna Gaibor; Monica Susana Teran Burbano; Natalie Alexandra Tapia Bermudez; Nora Susana Calderon Chiriboga; Pablo Esteban Valencia Llerena; Paola Asuncion Cortes Safadi; Paola Gabriela Coba Vinelli; Patricio E. Campuzano; Paula Tatiana Cordova Amijos; Paul Patricio Ortega Salazar; Paulina Cecilia Villamar Espin; Ramiro Alfonso Trujillo Grijalva; Rocio del Consuelo Ramon Banderas; Rodrigo Mauricio Ledesma Gandara; Rosa Ines Arteta; Ruben Dario Carrera Loza; Saint Salvatore Ltd.; Segundo Castillo; Silvino Mina; Soledad Vinelli; Sonia Violeta Vinelli Aguirre; Sylvia Albornoz Vorbeck; Tanya Patricia Valenzuela Endara; Tarquino Napoleon Ludena Leon; Ute Wiecher Knaak; Vicariato Apostolico de Esmeraldas; Walter Eduardo Medina Calderon; Estate of Washington Eduardo Alemeida Florida; Xavier Federico Meneses Espinosa; and Xavier Pinto Vela (collectively, "Defendants").   RJFS alleges as follows:

3

## I.     PARTIES

1.     RJFS is a Florida corporation with its principal place of business located in St. Petersburg, Florida.

2.     Defendant Ada Serena Cordova Armijos is an individual and an Ecuadorian national.

3.     Defendant America Alicia Roya de Kennedy is an individual and an Ecuadorian national.

4.     Defendant Ana Catalina Aylwin Eguiguren is an individual and an Ecuadorian national.

5.     Defendant Ana C. Yans Constante is an individual and an Ecuadorian national.

6.     Defendant Ana del Carmen Narvaez Chacon is an individual and an Ecuadorian national.

7.     Defendant Ana Luz Bueno Pallares is an individual and an Ecuadorian national.

8.     Defendant Ana Luz Pallares Meneses is an individual and an Ecuadorian national.

9.     Defendant Ana Maria Troncoso Garrido is an individual and an Ecuadorian national.

10.     Claimant Ana Patricia Villamar Espin is an individual and an Ecuadorian national.

11.     Defendant Angel A. Basantes C. is an individual and an Ecuadorian national.

12.     Defendant Angel Eduardo Cordova Cevallas is an individual and an Ecuadorian national.

13.     Defendant Antonio Arregui Yarza is an individual and an Ecuadorian national.

4

14.     Defendant Cargi Business Corp. ("Cargi Corp.") is a company incorporated under the laws of the British Virgin Islands, with its principal business address in Quito, Ecuador. Zarina Jovanka Massri Aguirre is the legal representative of Cargi Corp.

15.     Defendant Carlos Ivan C. Recalde is an individual and an Ecuadorian national.

16.     Defendant Carlos Jamil Helou Pinto is an individual and an Ecuadorian national.

17.     Defendant Carlos Salomon Helou Cevallos is an individual and an Ecuadorian national.

18.     Defendant Cecilia Y. Marcial is an individual and an Ecuadorian national.

19.     Defendant Conferencia Episcopal Ecuatoriana ("Conferencia Episcopal") is an organization incorporated under the laws of Ecuador. COnferencia Episcopal is headquartered in Canto Quito, Pichincha province.  Monsignor Eugenio Arellano Fernandez is the legal representative of Conferencia Episcopal.

20.     Defendant Consejo Guernativo de Bienes Diocesanos Tulcan ("Consejo Diocesanos Tulcan") is an organization incorporated under the law of Ecuador. Monsignor Fausto Feliciano Gaibor Garcia is the legal representative of Consejo Diocesanos Tulcan.

21.     Defendant Construction Management Solution, Inc. ("Construction Management Solution") is a company incorporated under the laws of the British Virgin Islands. Construction Management Solution has its registered office at Vanterpool Plaza, 2nd Floor, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, and books and records of the company are kept at Coruna E11-75 and Orellana, Albra Building, Floor 4, Suite 406 Quito, Ecuador. Fabian Yar is the legal representative of Construction Management Solution.

22.     Defendant Diego Fernandez Vasquez Davalos is an individual and an Ecuadorian national.

5

23.     Defendant Diego Javier Calisto Arteta is an individual and an Ecuadorian national.

24.     Defendant Diego Xavier Calisto Albornoz is an individual and an Ecuadorian national.

25.     Defendant Dominique Kennedy is an individual and an Ecuadorian national.

26.     Defendant Douglas Ray Good is an individual and an Ecuadorian national.

27.     Defendant Edgar Fabian Ortega Carrion is an individual and an Ecuadorian national.

28.     Defendant Edison Garcia Gualpa is an individual and an Ecuadorian national.

29.     Defendant Eduardo Anibal Benitez is an individual and an Ecuadorian national.

30.     Defendant Eduardo Enrique Ledesma Mariscal is an individual and an Ecuadorian national.

31.     Defendant Edward Jonathan Kennedy is an individual and an Ecuadorian national.

32.     Defendant Edwin Alberto Torres Mino is an individual and an Ecuadorian national.

33.     Defendant Elena del Carmen Perez Espinoza is an individual and an Ecuadorian national.

34.     Defendant Elsa Magdalena Calvache Ulloa is an individual and an Ecuadorian national.

35.     Defendant Elsa Magdalena Lalama Crespo is an individual and an Ecuadorian national.

36.     Defendant Elva Dalia Cervantes is an individual and an Ecuadorian national.

37.     Defendant Erika Elizabeth Calderon Medina is an individual and an Ecuadorian national.

38.     Defendant Erika Johana Coba Vinelli is an individual and an Ecuadorian national.

6

39.     Defendant Eugenio Arellano Fernandez is an individual and an Ecuadorian national.

40.     Defendant Eulalia de las Mercedes Calderon Chiriboga is an individual and an Ecuadorian national.

41.     Defendant Fabian Enrique Montalvo Canelos is an individual and an Ecuadorian national.

42.     Defendant Fabian Yar is an individual and an Ecuadorian national.

43.     Defendant Francisco Correa Holguin is an individual and an Ecuadorian national.

44.     Defendant Fabiola Jakeline Cadena Huertas is an individual and an Ecuadorian national.

45.     Defendant Fernando Bueno Martinez is an individual and an Ecuadorian national.

46.     Defendant Fernando Ivan Lucero is an individual and an Ecuadorian national.

47.     Defendant Founderz Group Limited ("Founderz") is a company incorporated under the laws of the British Virgin Islands.  Founderz has its registered office at Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands, and books and records of the company are kept at Eloy Alfaro N. 3509 y Portugal Ed Milenium Plaza of 304 Quito-Pichincha, Ecuador. Edwin Torres is the legal representative of Founderz.

48.     Defendant Francisco Roh Lopez is an individual and Ecuadorian national.

49.     Defendant Francisco Xavier Paez Puga is an individual and an Ecuadorian national.

50.     Defendant Gabriella Bobadilla is an individual and an Ecuadorian national.

51.     Defendant Germanico Javier Davila Proano is an individual and an Ecuadorian national.

52.     Defendant Giorgio Peroni Marchina is an individual and an Ecuadorian national.

7

53.     Defendant Gilmer Rodrigo Lopez Viteri is an individual and an Ecuadorian national.

54.     Defendant Gladys Rosario Calvache Ulloa is an individual and an Ecuadorian national.

55.     Defendant Gladys Margarita Ochoa Egas is an individual and an Ecuadorian national.

56.     Defendant Gonzalo David Carrera Segovia is an individual and an Ecuadorian national.

57.     Defendant Gonzalo Vivanco is an individual and an Ecuadorian national.

58.     Defendant Guadalupe Bernardina Ayala is an individual and an Ecuadorian national.

59.     Defendant Guillermo Anibal Rodriguez Miranda is an individual and an Ecuadorian national.

60.     Defendant Hector Hugo Darquea Moncayo is an individual and an Ecuadorian national.

61.     Defendant Hernan Antonio Jaramillo is an individual and an Ecuadorian national.

62.     Defendant Hernan Patricio Calderon Segovia is an individual and an Ecuadorian national.

63.     Defendant Herrman Gonzalo Cevallos Silva is an individual and an Ecuadorian national.

64.     Defendant Hue Linh Tran Tang is an individual and an Ecuadorian national.

65.     Defendant Hugo Hernan Bonilla Moyano is an individual and an Ecuadorian national.

8

66.     Defendant Hugo Patricio Vergara Araque is an individual and an Ecuadorian national.

67.     Defendant Ines Fabiola Vela Barragan is an individual and an Ecuadorian national.

68.     Defendant Ines Ximena Villamar Espin is an individual and an Ecuadorian national.

69.     Defendant Irma Ileana Rubio Garcia is an individual and an Ecuadorian national.

70.     Defendant Jamie Antonio Toledo Romoleroux is an individual and an Ecuadorian national.

71.     Defendant James Manuel Esparza is an individual and an Ecuadorian national.

72.     Defendant James Wong Tran is an individual and an Ecuadorian national.

73.     Defendant Jose Antonio Pallares is an individual and an Ecuadorian national.

74.     Defendant Jose Adrian Cordova is an individual and an Ecuadorian national.

75.     Defendant Jose Luis Cordova is an individual and an Ecuadorian national.

76.     Defendant Jose Roberto Ludena Granja is an individual and an Ecuadorian national.

77.     Defendant Jose Victorian Naranjo is an individual and an Ecuadorian national.

78.     Defendant Juan Oswaldo Vinelli Aguirre is an individual and an Ecuadorian national.

79.     Defendant Karen Elizabeth Sandoval is an individual and an Ecuadorian national.

80.     Defendant Karen Wong Tran is an individual and an Ecuadorian national.

81.     Defendant Kingvi Group, S.A. ("Kingvi") is a company incorporated under the laws of the island of Nevis.  Juan Sebastian Vinelli Ayala is the legal representative of Kingvi.

82.     Defendant Laura Haydee Luna Gaibor is an individual and an Ecuadorian national.

83.     Defendant Linda Andrade Zambrano is an individual and an Ecuadorian national.

9

84. Defendant Lucia Alexandra Vallejo Tejada is an individual and an Ecuadorian national.

85. Defendant Luis Antonio Cordova Cevallos is an individual and an Ecuadorian national.

86. Defendant Luis Eduardo Castillo Vallejo is an individual and an Ecuadorian national.

87. Defendant Luz Elvira Pazmino is an individual and an Ecuadorian national.

88. Defendant Magson Portfolio Corp. ("Magson") is a company incorporated under the laws of Panama.  Magson has its registered office at Calle 54 Este, Edificio Mossfon, 2do Piso, Panama, Panama, and books and records of the company are kept at Av. 12 de COtubre, N24-739 y colon Ed. Boreal, Piso 11, Quito, Ecuador, Juan Oswaldo Vinelli Aguirre is the legal representative of Magson.

89. Defendant Manuel Ignacio del Solar is an individual and an Ecuadorian national.

90. Defendant Marcia Cecilia Calvache Ulloa is an individual and an Ecuadorian national.

91. Defendant Marcia Gisella Sndoval Cerda is an individual and an Ecuadorian national.

92. Defendant Maria Alegria Vasquez is an individual and an Ecuadorian national.

93. Defendant Maria Alexandra Hernandez Lalama is an individual and an Ecuadorian national.

94. Defendant Maria Augusta Galarraga Moreno is an individual and an Ecuadorian national.

95. Defendant Maria Bernarda Vasquez is an individual and an Ecuadorian national.

96.     Defendant Maria Celina Espin Tello is an individual and an Ecuadorian national.

97.     Defendant Maria Cristina Vasquez is an individual and an Ecuadorian national.

98.     Defendant Maria Daniela del Solar is an individual and an Ecuadorian national.

99.     Defendant Maria Daniela Vasquez Perez is an individual and an Ecuadorian national.

100.    Defendant Maria Fernanda Bueno Pallares is an individual and an Ecuadorian national.

101.    Defendant Maria Gabriela Andrade Jarrin is an individual and an Ecuadorian national.

102.    Defendant Maria Gabriela Darquea is an individual and an Ecuadorian national.

103.    Defendant Maria Gabriela Hernandez Lalama is an individual and an Ecuadorian national.

104.    Defendant Maria Gabriela Pallares is an individual and an Ecuadorian national.

105.    Defendant Maria Isabel Almeida Garcia is an individual and an Ecuadorian national.

106.    Defendant Maria Kennedy is an individual and an Ecuadorian national.

107.    Defendant Maria Margarita Arcos Darquea is an individual and an Ecuadorian national.

108.    Defendant Maria Teresa Armijos Torres is an individual and an Ecuadorian national.

109.    Defendant Martha Eugenia Lopez Yanez is an individual and an Ecuadorian national.

11

110.    Defendant Megarmi, S.A. ("Megarmi") is a company incorporated under the laws of the British Virgin Islands.  Megarmi has its registered offince at Trident Trust Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands, and books and records of the company are kept at Edf. Torre 21 P1 of 1W República del Salvador e Irlanda, Quito, Ecuador.  Juan Oswaldo Vinelli Aguirre is the legal repsentative of Megarmi.

111.    Defendant Miguel Angel Reyes Fierro is an individual and an Ecuadorian national.

112.    Defendant Monica Catalina Almeida Garcia is an individual and an Ecuadorian national.

113.    Defendant Monica del Carmen Duran Vaca is an individual and an Ecuadorian national.

114.    Defendant Monica Iveth Luna Gaibor is an individual and an Ecuadorian national.

115.    Defendant Monica Susana Teran Burbano is an individual and an Ecuadorian national.

116.    Defendant Natalie Alexandra Tapia Bermudez is an individual and an Ecuadorian national.

117.    Defendant Nora Susana Calderon Chiriboga is an individual and an Ecuadorian national.

118.    Defendant Pablo Esteban Valencia Llerena is an individual and an Ecuadorian national.

119.    Defendant Paola Asuncion Cortes Safadi is an individual and an Ecuadorian national.

120.    Defendant Paola Gabriela Coba Vinelli is an individual and an Ecuadorian national.

121.    Defendant Patricio E. Campuzano is an individual and an Ecuadorian national.

122.    Defendant Paula Tatiana Cordova Armijos is an individual and an Ecuadorian national.

123.    Defendant Paul Patricio Ortega Salazar is an individual and an Ecuadorian national.

124.    Defendant Paulina Cecilia Villamar Espin is an individual and an Ecuadorian national.

125.    Defendant Alfonso Trujillo Grijalva is an individual and an Ecuadorian national.

126.    Defendant Rocio del Consuelo Ramon Banderas is an individual and an Ecuadorian national.

127.    Defendant Rodrigo Mauricio Ledsma Gandara is an individual and an Ecuadorian national.

128.    Defendant Rosa Ines Arteta is an individual and an Ecuadorian national.

129.    Defendant Ruben Dario Carrera Loza is an individual and an Ecuadorian national.

130.    Defendant Saint Salvatore Ltd. ("Saint Salvatore") is a company incorporated under the laws of the British Virgin Islands.  Saint Salvatore has its registered office at Trident Chambers Wickhams Cay 1, Road Town, Tortola, British Virgin Islands, and books and records of the company are kept at Conj Rocio Lt 3b Quito, Ecuador, Gonzalo Vivanco is the legal representative of Saint Salvatore.

131.    Defendant Segundo Castillo is an individual and an Ecuadorian national.

132.    Defendant Silvino Mina is an individual and an Ecuadorian national.

133.    Defendant Soledad Violeta Vinelli Aguirre is an individual and an Ecuadorian national.

134.    Defendant Sonia Violeta Vinelli Aguirre is an individual and an Ecuadorian national.

13

135. Defendant Sylvia Albornoz Vorbeck is an individual and an Ecuadorian national.

136. Defendant Tanya Patricia Valenzuela Endara is an individual and an Ecuadorian national.

137. Defendant Tarquino Ludena Leon is an individual and an Ecuadorian national.

138. Defendant Ute Wiecher Knaak is an individual and an Ecuadorian national.

139. Defendant Vicariato Apostolico de Esmeraldas Mision Comboniana ("Vicariato") is a religious organization incorporated under the laws of Ecuador. Vicariato has its registered office and books and records at Propicia 1 – Entrada a La Concordia, Junto al Seminario, Esmeraldas, Ecuador. Montsignor Eugenio Arellano Fernandez is the legal representative of Vicariato.

140. Defendant Walter Eduardo Medina Calderon is an individual and an Ecuadorian national.

141. Defendant Estate if Washington Eduardo Alemeida Flores is an Ecuadorian estate for Washington, a deceased individual and an Ecuadorian national.

142. Defendant Xavier Federico Menses Espinosa is an individual and an Ecuadorian national.

143. Defendant Xavier Pinto Vela is an individual and an Ecuadorian national.

**II. JURISDICTION AND VENUE**

144. This is an action for: 1) declaratory judgement under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201; and 2) injunctive relief pursuant to Federal Rule of Civil Procedure 65(b).

145. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case related to an arbitration, originally styled *Ada Serena Cordova v. Armijos, et al. v. Raymond James*

*& Associates, Inc.*, *and Insight Securities, Inc.*, Case No. 18-02934 (the "Arbitration") in which Defendants allege violations of federal law.  This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and a citizen or subject of a foreign state.

146.    The Court has personal jurisdiction over Defendants because they engaged in securities transactions through RJA's clearing services, and engaged Florida attorneys for the purpose of asserting claims against Plaintiff in a Florida-based arbitration.  As a result, they have regularly transacted business in Florida, have engaged in a course of conduct in Florida for the purpose of realizing a pecuniary benefit, and have purposely availed themselves of the forum.

147.    Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claim, including the Arbitration Plaintiff seeks to enjoin in part, occurred in this District.

### III.    FACTUAL BACKRGOUND

148.    Defendants commenced the Arbitration on August 17, 2018, against Raymond James & Associates, Inc. ("RJA") and Insight Securities Inc. ("Insight").

149.    According to the Second Amended Statement of Claim ("SASOC") filed by Defendants in the Arbitration, which adds RJFS as a party and a respondent, Defendants lost money on investments sold to them by Biscayne Capital, a firm that was unaffiliated with RJFS, and which Defendants allege perpetuated a fraud.  The SASOC attached hereto as Ex. A.  RJFS never had any relationship whatsoever with Biscayne Capital.  RJA provided clearing services to Biscayne Capital for a portion of the relevant time period.

15

150.    Defendants, RJA and Insight actively participated in the arbitration, including in discovery, over the past year.

151.    On or about September 16, 2019, Defendants asked the arbitrators to allow them to add RJFS, a corporation wholly separate from RJA with a different business model and different FINRA registration number, as an additional respondent.   On June 26, 2019, the three person FINRA arbitration panel – who RJFS did not select or appoint let alone empower to resolve a dispute – granted Defendants' request.  See Nov. 26 Order, attached hereto as Ex. B.  The deadline for RJFS to submit its Answer to the SASOC is January 13, 2020.  RJFS has not appeared in the Arbitration and has not acknowledged that these specific arbitrators have authority over it.  RJA did advocate to the arbitrators that they were without authority to compel RJFS to arbitrate.  RJA and RJFS are subsidiaries of Raymond James Financial, Inc.

152.    RJA and RJFS are separate corporations with separate business models and customer bases.

153.    RJA and RJFS are separately registered Members under FINRA and the SEC.  RJA is registered under CRD#: 705/SEC#: 801-10418,8-10999, and RJFS is registered under CRD#: 6694/SEC#: 801-34205,8-17983.

154.    There is no arbitration agreement between Defendants and RJFS, and RJFS never consented to arbitration.

155.    None of the Defendants were ever customers of RJFS, nor does the dispute arise in connection with the business activities of RJFS.  RJFS is a stranger to this dispute.

## COUNT I – DECLARATORY JUDGMENT

156.    RJFS incorporates the allegations of Paragraphs 1 through [--] above as if fully set forth herein.

16

157.    FINRA Rule 12200 states:

Parties must arbitrate a dispute under the [FINRA] Code if:

- Arbitration under the Code is either:

  o   Required by a written agreement, or

  o   Requested by the *customer*;

- The dispute is between a *customer* and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.  A true and correct copy of the applicable FINRA Rules is attached hereto as <u>Ex. C</u>.

158.    No agreement exists between Defendants and RJFS to arbitrate any disputes, including those asserted by Defendants in the Arbitration.

159.    Defendants are not and never were "customers" of RJFS within the meaning of FINRA Rule 12200 or otherwise.  Therefore, RJFS is not obligated to arbitrate any of Defendants' claims asserted in the Arbitration and neither Defendants nor the arbitration panel possess the authority to compel RJFS to arbitrate.

160.    Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and RJFS has a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

EAST\171134643.1

161.    RJFS seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Defendants are not customers of RJFS and that Defendants' purported claims against RJFS are not arbitrable in the FINRA Arbitration.

## COUNT II – INJUNCTIVE RELIEF

162.    RJFS incorporates the allegations of Paragraphs 1 through [--] above as if fully set forth in this Paragraph.

163.    RJFS has a substantial likelihood of success on the merits regarding the arbitrability of Defendants' claims because:

a)    there is no agreement to arbitrate between RJFS and Defendants; and

b)    Defendants are not, and never have been, RJFS's customers under FINRA Rule 12200.

164.    RJFS will suffer immediate and irreparable harm if it is compelled to arbitrate the claims in the Arbitration.

165.    The balance of equities favors entry of an injunction.

166.    RJFS has no adequate remedy at law.

167.    The public interest favors entry of an injunction.

168.    Accordingly, RJFS satisfies the legal standards for preliminary and permanent injunctive relief in Federal Rule of Civil Procedure 65, and Defendants should be enjoined from proceeding with the Arbitration against RJFS.

## PRAYER FOR RELIEF

Therefore, RJFS requests that this Court:

18

a.      Enter a declaratory judgement that Defendants are not customers of RJFS or any of its associated persons under FINRA Rule 12200 and Defendants' claims are not arbitrable;

b.      Enter orders preliminarily and permanently enjoining Defendants from further proceeding with the FINRA Arbitration against RJFS;

c.      Award RJFS its costs; and

d.      Award all other and further relief in either law or equity to which this Court deems RJFS is entitled.

## VERIFICATION

I, the undersigned, Melissa A. Kelly, am employed by Plaintiff, Raymond James Financial Services Inc., as Vice President, PCG Compliance.  As such, I have personal knowledge of the facts set forth in the attached Verified Complaint and supporting exhibits. I have reviewed the allegations of fact set forth in the Verified Complaint and hereby verify that said facts are true, correct, and accurate.

Dated: December 18, 2019

Melissa A. Kelly

EAST\171134643.1

Dated: December 19, 2019                 Respectfully submitted,

*/s/ Ryan O'Quinn*
Ryan O'Quinn (FBN 513857)
Maia Sevilla-Sharon (FBN 123929)
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8527
ryan.oquinn@us.dlapiper.com
maia.sevillasharon@us.dlapiper.com

21