UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81692-CIV-RUIZ/REINHART

RAYMOND JAMES FINANCIAL SERVICES, INC.

    Plaintiff,

v.

ADA SERENA CORDOVA ARIJOS, et al.,

    Defendants.
_____/

## DISCOVERY ORDER REGARDING WORK PRODUCT PRIVILEGE (DE 51, 66)

Raymond James Financial Service (RJFS) brings this action for declaratory relief. DE 1. RJFS served a third-party subpoena *duces tecum* on Edith Hinojosa. Ms. Hinojosa did not object to producing the documents responsive to the subpoena. Instead, Defendants moved to quash the subpoena. DE 32. Judge Ruiz referred the Motion to Quash to me. DE 33.[1] I denied the Motion to Quash. DE 38. I ordered Ms. Hinojosa to provide non-privileged documents responsive to the subpoena and to appear for deposition. *Id.* Ms. Hinojosa has not produced email communications between her and Defendants' counsel. Defendants' counsel asserts that the emails are its work product.[2]

RJFS now asks me to rule that Ms. Hinojosa's emails to Defendants' counsel are not privileged, to order production of the disputed documents, and to grant leave to reopen Ms. Hinojosa's deposition so that she can be questioned about the documents. The parties submitted

---

[1] Defendants have standing to quash the subpoena insofar as it seeks allegedly-privileged material. *See Brown v. Braddiek,* 595 F.2d 961, 967 (5th Cir. 1979).

[2] At a telephonic hearing on March 20, Ms. Hinojosa's counsel reiterated that she had no objection to producing the emails.

1

memoranda of law on this issue. DE 75, 79. I conducted a hearing on March 26, 2020 (DE 81), after which I permitted the parties to supplement the record with any evidence they wished to include. *See* DE 82, 83. For the reasons stated herein, I find that most of the documents in question are privileged and need not be produced.[3] I order production only of emails that purport to involve Ms. Hinojosa's retention of counsel.

## BACKGROUND

RJFS seeks a declaration and injunction precluding FINRA arbitration with the Defendants. DE 1. In opposition to RJFS's Motion for Preliminary Injunction, Defendants rely upon a Declaration from Ms. Hinojosa. According to Defendant's privilege log, the documents in dispute here are emails between Ms. Hinojosa and counsel for Defendants. DE 79-2. As described in the privilege log, almost all of the emails are (1) "regarding retention of counsel and in anticipation of litigation," (2) "regarding claims investigations, in anticipation of litigation," or (3) "containing recollection of facts, claim investigations and/or underlying transactions, in anticipation of litigation." *Id.* RJFS seeks production of all such emails listed in the privilege log. RJFS asserts that this information is relevant and necessary to its ability to challenge the credibility of Ms. Hinojosa's Declaration, including impeaching her for bias.

RJFS argues that the emails are not work product because they comprise communications with a third party who is adverse to Defendants and who Defendants' counsel could not reasonably have believed would keep the communications confidential. In the alternative, RJFS argues that it has demonstrated a substantial need for the documents and/or will suffer undue hardship if they

---

[3] In a related FINRA arbitration, after an *in camera* review, the panel ruled these same emails were work product. Defendants submitted the FINRA rulings into the record here. DE 82-2, 82-3, 82-4. Defendants have not cited any authority holding that the arbitration panel's decision is binding on me. Therefore, I am making a *de novo* finding of whether the work product privilege applies, without affording any weight to the FINRA panel ruling.

2

are not produced. As a second alternative, RJFS argues that Defendants waived any work product protection.

## LAW

"The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his client." [4] *Atriums of Palm Beach Condominium Assn., Inc. v. QBE Insurance, Co.*, 2009 WL 10667478 at *3 (S.D. Fla. 2009) (J. Johnson). Federal Rule of Civil Procedure 26(b)(3) codifies the work product privilege. It states:

> (A) **Documents and Tangible Things.** Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) **Protection Against Disclosure.** If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

As the proponents of the privilege, Defendants bear the burden of establishing it by a preponderance of the evidence. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.,* 295 F.R.D. 550, 584, 620 (S.D. Fla. 2013) (J. Hoeveler); Fed. R. Evid. 104(a). RJFS bears the burden of proving that the privilege has been waived, or that there is a substantial need for disclosure of the disputed materials. *Accord 7–Eleven, Inc. v. George,* 2010 WL 11508171 at *5 (M.D. Fla. 2010) ("Just as the proponent of the privilege has the burden of proof as to facts which give rise to the

---

[4] RJFS has not disputed that the emails in question were created in anticipation of litigation.

3

privilege, the party seeking to abrogate the privilege has the burden to prove facts which would make an exception to the privilege applicable" by "a preponderance of the evidence.") (applying Florida law and quoting *First Union Nat'l Bank v. Turney,* 824 So. 2d 172, 183 n. 9, 184 (Fla. Dist. Ct. App. 2001)).

There are two kinds of work product: (1) fact work product and (2) opinion work product. *Atriums of Palm Beach Condominium Assn., Inc.,* 2009 WL 10667478 at *4 ("Once work product protection attaches, the doctrine is divided into two categories enjoying different degrees of protection."). "[F]act work product may encompass factual material including the result of a factual investigation." *Burrow v. Forjas Taurus S.A.,* 334 F. Supp. 3d 1222, 1229 (S.D. Fla. 2018) (J. Simonton) (quoting *In re Grand Jury Subpoena Dated July 6, 2005,* 510 F.3d 180, 183 (2d Cir. 2007)). Fact work product is discoverable upon a showing of substantial need. "A non-exhaustive list of factors are assessed in determining substantial need including: (1) the importance of the materials to the party seeking them for case preparation, (2) the difficulty the party will have obtaining them by other means, and (3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks." *Id.*

Opinion work product is material that reflects an attorney's "mental impressions, conclusions, opinions, or legal theories." *MapleWood Partners, L.P.* 295 F.R.D. at 620-21. "The Eleventh Circuit has held that while the disclosure of fact work-product can be compelled upon a requisite showing, opinion work-product 'enjoys a nearly absolute immunity' and cannot be discovered merely upon a showing of substantial need and an inability to secure the materials by alternate means without undue hardship, i.e., the test under Rule 26(b)(3)(A)(ii), but rather is only discoverable in 'very rare and extraordinary circumstances.'" *Id.* at 620 (quoting *Cox v. Admin.*

*U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir.1994), *modified on other grounds by* 30 F.3d 1347 (11th Cir. 1994)).

**DISCUSSION**

I reject RJFS's argument that no work product privilege attaches to the emails. RJFS asserts there was no reasonable intent for these communications to be confidential because Ms. Hinojosa is a third party who is adverse to Defendants. Unlike the attorney-client privilege, it is not necessary that work product be intended to remain confidential. Rule 26(b)(3) makes no mention of an intent to remain confidential. *See also, e.g., See, e.g., In re Grand Jury Proceedings,* 601 F.2d 162, 171 (5th Cir. 1979) ("The attorney-work-product doctrine protects from disclosure materials prepared by an attorney acting for his client in anticipation of litigation."). Similarly, a leading hornbook instructs that only three elements are required to create work product: "The material must be: (1) "documents and tangible things;" (2) "prepared in anticipation of litigation or for trial;" and (3) "by or for another party or by or for that other party's representative." Wright & Miller, Fed. Prac. & Proc. Civ. § 2024 (3d ed. 2019). "[T]he purpose of the work–product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials." *Id.* The proper analysis is whether the putative work product is created in a way that is reasonably designed to conceal it from the opposing party, not whether it was intended to be kept confidential from all third parties.

The related concept of waiver is instructive. Not every disclosure of work product to a third party waives the privilege. "[B]ecause the work product privilege looks to the vitality of the adversary system rather than simply seeking to preserve confidentiality, it is not automatically waived by the disclosure to a third party." *Fojtasek v. NCL (Bahamas) Ltd.,* 262 F.R.D. 650, 653-

5

54 (S.D. Fla. 2009) (J. Simonton) *(quoting In re Grand Jury Subpoena,* 220 F.3d 406, 409 (5th Cir. 2000)). Rather, existing work product protection is waived by third party disclosure only if the material is "disclosed in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information." *Stern v. O'Quinn,* 253 F.R.D. 663, 681 (S.D. Fla. 2008) (J. Rosenbaum) (citations omitted). Logically, this same limitation that defines when the work product privilege is waived should also apply in deciding whether a work product privilege is created; the same underlying policies apply in both situations.

Applying these principles, I find that the relationship between Ms. Hinojosa and Defendants' counsel does not prevent the emails between them from being work product. First, the communications did not occur under circumstances inconsistent with keeping them concealed from RJFS. The only risk that RJFS would learn the content of these communications was that Ms. Hinojosa would tell RJFS. The context of these communications was that Defendants' counsel was conducting a factual investigation as a predicate to bringing litigation against RJFS that would have diverted liability away from Ms. Hinojosa. Ms. Hinojosa was formerly affiliated with RJFS or one of its sister companies. According to RJFS, Ms. Hinojosa is aggressively adverse to it, and has been attempting to shift blame to RJFS for her own misdeeds. Given these circumstances, Defendants' counsel reasonably would have concluded that Ms. Hinojosa would not voluntarily disclose their communications to RJFS or to a third party who would then tell RJFS. Nothing about these circumstances precludes creating work product.

The parties dispute whether an exchange of emails between counsel and a witness that is the functional equivalent of a witness interview can be work product. I find that it can.

> [L]ike a short-hand or stenographic recording of a witness statement or interview, the e-mail interview was produced by counsel for litigation purposes and the

> participation by a witness in an e-mail interview is comparable to participation by a witness in a recorded oral interview or the creation of a written statement. The fact that the witness authors a portion of the e-mail correspondence chain and likely retains a copy of the correspondence does not undermine the privilege.

*Gerber v. Down East Community Hosp.,* 266 F.R.D. 29, 33 (D. Me. 2010). It is undisputed that Defendants' counsel's purpose in speaking with Ms. Hinojosa was to develop facts to support the claims they anticipated litigating against RJFS. In fact, RJFS's theory for why the emails are relevant is that the emails may contain factual statements by Ms. Hinojosa that can be used to contradict factual assertions in her Declaration. That kind of information is quintessential fact work product.

Defendants go further, however. They argue that the email dialog with Ms. Hinojosa is opinion work product because it will reveal counsel's mental impressions and strategies. Defendants have not met their burden of showing that the emails constitute opinion work product. The emails were not submitted for *in camera* review. Therefore, the sole evidence of the contents of the emails is the privilege log. The descriptions of the emails in the privilege log are not sufficiently detailed to establish by a preponderance of the evidence that the emails in question are opinion work product.

In sum, Defendants have met their burden of showing that the emails designated as "regarding claims investigations, in anticipation of litigation," and "containing recollection of facts, claim investigations and/or underlying transactions, in anticipation of litigation" are fact work product. Nevertheless, Defendants have not met their burden of showing that documents categorized as "regarding retention of counsel and in anticipation of litigation" are fact work

product.[5]  Defendants have not proven that this last category of emails involved obtaining factual information with a nexus to anticipated litigation between Defendants and RJFS.

RJFS has not demonstrated a substantial need for the email, or an undue hardship if it is denied them.  Ms. Hinojosa was deposed for 6 hours and 42 minutes on March 9, 2020.  DE 76-1 at 58.  RJFS had a full opportunity to inquire about the facts contained in her Declaration and to see if her sworn testimony was inconsistent with her Declaration.[6]  That opportunity eliminates any substantial need where, as here, the sole purpose of obtaining fact work product is to challenge the credibility of a witness' prior statement." *See Clemmons v. Academy for Educational Development,* 300 F.R.D. 6, 8 (D.D.C. 2013) and cases cited therein.  RJFS has not demonstrated that there is independent evidentiary significance to the fact that Defendant's counsel had knowledge of these statements.  *Cf. Burrow,* 334 F.Supp.3d at 1230 (substantial need existed

---

[5] Defendants alternatively argue that if these materials are not work product, they are irrelevant and not subject to discovery.  Defendants and their counsel have no legal right under Rule 45 to object to production based on relevance.  That Rule permits a party to object to a third-party subpoena only to protect a personal right or privilege in the subject matter of the subpoena.  *See Brown, supra* n.1.  Because I have ruled that the emails in Ms. Hinojosa's possession are not privileged, Defendants have no right or privilege in them.  Alternatively, Defendants are not entitled to a protective order under Rule 26(c).  That rule protects a party from "annoyance, embarrassment, oppression or undue burden or expense."  "A party is not subjected to 'annoyance, embarrassment, oppression or undue burden or expense' when the opposing party uses a Rule 45 subpoena to gather irrelevant documents from a non-party." *Bender v. Tropic Star Seafood, Inc.,* 2008 WL 2824450 at *3 (N.D. Fla. 2008).  In sum, only Ms. Hinojosa can make a relevance objection and she has repeatedly declined that opportunity.

[6] RJFS wrongly argues that "during the unfinished deposition, Defendants' counsel objected to virtually every question from RJFS."  DE 79 at 7.  The deposition transcript does not support this assertion.  As relevant here, Ms. Hinojosa was asked if Defendant's counsel had sent her for any information in writing.  She responded, "No."  DE 76-1 at 25.  Defendant's counsel then stated, "I'm going to object here to this line of questioning.  This line of questioning would be inappropriate by the FINRA tribunal as protected work product, and I'm going to instruct the witness not to answer."  RJFS's counsel then asked several questions about whether there had been written and oral communications between Ms. Hinojosa and Defendant's counsel.  Defendant's counsel did not interpose a substantive objection, nor further instruct Ms. Hinojosa not to answer.  *Id.* at 25-26.  Counsel then voluntarily moved to a different line of questioning.

because party's knowledge of facts conveyed by witness was independently relevant to product liability claims). Nor has RJFS shown that the information conveyed by Ms. Hinojosa is technical or highly specialized. *See id.*

Separately, RJFS has ample evidence to challenge Ms. Hinojosa's Declaration. She is a former employee/associate. They possess a recorded statement that RJFS contends shows Ms. Hinojosa coaching witnesses to lie. DE 83-1. RJFS asserts that this tape and other evidence shows Ms. Hinojosa attempting to deflect blame to RJFS. Finally, RJFS has repeatedly noted that Ms. Hinojosa avoided service of her subpoena and is otherwise hostile to RJFS. Even assuming the emails with Defendants' counsel could be used to impeach Ms. Hinojosa's Declaration, there is no undue hardship to RJFS being denied this cumulative evidence.

Finally, RJFS argues that any work product protection has been waived. As discussed above, waiver is a separate question from whether work product protection exists in the first instance. Here, there is no allegation or evidence that Ms. Hinojosa or Defendants' counsel has disclosed these emails to a third party. No waiver has occurred.

WHEREFORE, it is ORDERED that Ms. Hinojosa shall produce by **9:00 a.m. on March 30, 2020**, documents listed in the privilege log as "regarding retention of counsel and in anticipation of litigation." I will consider a request to extend this deadline if Judge Ruiz reschedules the hearing on RJFS's Motion for Preliminary Injunction that is currently set for March 30, 2020. RJFS's request for relief is otherwise **DENIED**.

Done and ordered this 27th day of March, 2020, in chambers at West Palm Beach, Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE